IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| LATOREY J. GREENE, #292916, ) | | |
| ) | | |
| Petitioner, ) | Civil Action No. 3:09-258-HMH-JRM | |
| ) | | |
| v. ) | | |
| ) | **REPORT AND RECOMMENDATION** | |
| WARDEN MCCORMICK ) | | |
| CORRECTIONAL INSTITUTION, ) | | |
| ) | | |
| Respondent. ) | | |
| _____) | | |

Petitioner, Latorey J. Greene ("Greene"), is an inmate at the South Carolina Department of Corrections serving concurrent sentences of thirty-five (35) years imprisonment for burglary, thirty (30) years for criminal sexual conduct ("CSC"), and ten (10) years for assault and battery of a high and aggravated nature. Greene filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 which was received by the Court on February 2, 2009. Respondent filed a return and motion for summary judgment on June 12, 2009. Because Greene is proceeding *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on June 15, 2009 advising him of his responsibility to respond to the motion for summary judgment. Greene has not responded to the motion for summary judgment despite being granted three extensions of time. The last extension gave Green until October 19, 2009 to respond.

**Background and Procedural History**

Greene was arrested in Sumter County in July of 1998 in connection with the rape of his

1

uncle's ex-girlfriend and subsequently released on bond. Indictments were not returned until January of 2003. In the interim Greene was tried twice for an unrelated murder for which he was arrested in 2000. Both murder trials resulted in a mistrial. The State brought the rape charges to trial on May 1, 2003. Greene was represented by Kenneth R. Young, Jr., Esquire. He was convicted and a direct appeal through the South Carolina Office of Appellate Defense raised the following issue:

> Did the lower court abuse its discretion by allowing the solicitor to cross-examine appellant using a prior conviction similar to the current charge?

The conviction was affirmed by the South Carolina Court of Appeals. *See* State v. Greene, Op.No. 2004-UP-581 (S.C.Ct.App. filed November 17, 2004). Greene did not seek discretionary review by the South Carolina Supreme Court and the Remittitur was returned on December 3, 2004.

Greene waited almost a year (348 days), until November 16, 2005 before filing his application for post-conviction relief ("PCR"). (App. 537). An evidentiary hearing was held on October 4, 2006. Greene was represented by Charles Brooks, Esquire. The PCR court issued a written order of dismissal on November 8, 2006. (App. 621). A Johnson[1] petition for writ of certiorari was filed in the South Carolina Supreme Court by the South Carolina Commission on Indigent Defense raising the following issue:

> The PCR court erred in denying petitioner's allegation that trial counsel erred in failing to raise the pre-indictment delay issue in the case.

The State filed an informal brief. Greene did not file a *pro se* brief. The petition for writ of certiorari was denied by order dated February 21, 2008. The Remittitur was returned on March 5, 2008.

The record shows that Greene delivered the present petition for mailing on January 6, 2009.

---

[1] Johnson v. State, 364 S.E.2d 201 (S.C. 1988); *see also* Anders v. California, 386 U.S. 738 (1967).

2

(Petition, p. 15).

## Grounds for Relief

In his present petition, Greene asserts that he is entitled to a writ of habeas corpus on the following grounds:

**Ground One:** Indictment Delay.

**Ground Two:** Double Jeopardy.

**Ground Three:** Post conviction attorney failed to amend [his] *pro se* application to include all grounds supporting [his] claim.

## Discussion

**1. Anti-terrorism and Effective Death Penalty Act ("AEDPA") Statute of Limitations**

Respondents assert that the petition should be dismissed because it was not timely filed under the one-year statute of limitations created by the AEDPA. The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions. Subsection (d) of the statute now reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by

        the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

 (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year statute of limitations begins to run on the date the petitioner's conviction becomes final, not at the end of collateral review. Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000). In South Carolina, a defendant must file a notice of appeal within 10 days of his conviction. Rule 203(b)(2), SCACR. Thus if a defendant does not file a direct appeal, his conviction becomes final ten days after the adjudication of guilt. Crawley v. Catoe, 257 F.3d 395 (4th Cir. 2001). If a defendant files a direct appeal and his conviction is affirmed, the conviction becomes final 90 days after the final ruling of the South Carolina Supreme Court. Harris, 209 F.3d at 328, n. 1 (conviction become final on the expiration of the 90-day period to seek review by the United States Supreme Court).

The statute of limitations is tolled during the period that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled for the entire period of the state post-conviction process, "from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." Taylor v. Lee, 196 F.3d 557, 561 (4th Cir. 1999). Following the denial of relief in the state courts in state habeas proceedings, neither the time for filing a petition for certiorari in the United States Supreme Court, nor the time a petition for certiorari is considered by the United States

4

Supreme Court, is tolled." Crawley v. Catoe, 258 F.3d at 399. A state collateral proceeding must be "properly filed" for the statutory tolling provisions of 28 U.S.C. § 2244(d)(2) to apply. "(A)n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Artuz v. Bennett, 531 U.S. 4, 8 (2000) (footnote omitted). "When a post-conviction petition is untimely under state law, 'that [is] the end fo the matter' for purposes of § 2244(d)(2)." Pace v. DiGulielmo, 544 U.S. 408, 414 (2005) quoting Carey v. Saffold, 536 U.S. 214, 236 (2002).

Generally, computing periods of time under 28 U.S.C. § 2244(d)(2) is pursuant to Fed. R. Civ. P. 6(a). Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000).

The Fourth Circuit has held that the statute of limitations in § 2254 is not jurisdictional, but subject to the doctrine of equitable tolling. Equitable tolling applies only in "those rare instances where–due to circumstances external to the [petitioner's] own conduct–it would be unconscionable to enforce the limitation against the [petitioner]." Harris, 209 F.3d at 330. Under § 2244(d), the State bears the burden of asserting the statute of limitations. Petitioner then bears the burden of establishing that his petition is timely or that he is entitled to the benefit of the doctrine of equitable tolling. Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002). To benefit from the doctrine of equitable tolling, a petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way" preventing him from timely filing. Pace, 544 U.S. at 418. An attorney's mistake in calculating the filing date for a habeas petition relative to the AEDPA's statute of limitations is not an extraordinary circumstance warranting equitable tolling. Lawrence v. Florida, 549 U.S. 327, 336-337 (2007) ("Attorney miscalculation [of a deadline] is

5

simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel."). *See also* Harris, 209 F.3d at 331.

The present petition is clearly untimely. Three hundred and forty-eight (348) days of untolled time lapsed from the time Green's conviction became final until he filed his PCR. An additional three hundred and twenty-six (326) days of untolled time lapsed from the date his PCR case was resolved until the present petition was filed, for a total of six hundred and seventy-four (674) days.

Greene has not attempted to establish equitable tolling. The space for explanation of timeliness in the petition is blank. (Petition, p. 14). Greene has failed to respond to Respondent's motion for summary judgment.

**2. Ineffective Assistance of Counsel**

Greene asserted in his Johnson petition that his attorney was ineffective for failing to object to the State's delay in seeking the indictment after his arrest. This issue was raised in the PCR and addressed in the PCR court's order of dismissal.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney

6

performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) quoting Strickland, *reversed on other grounds*, 476 U.S. 28 (1986). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.
>
> * * *
>
> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. (Emphasis added).

Strickland at 694-95.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal habeas court must determine whether the state court's decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The court's analysis should center on whether the state courts properly applied the Strickland test. *See* Williams v. Taylor, 529 U.S. 362 (2000). ("Strickland test provides sufficient guidance for resolving virtually all ineffective assistance of counsel claims.")

The PCR court found that the state procedural rule requiring indictment within 90 days of arrest did not render the indictments against Greene void citing State v. Culbreath, 316 S.E.2d 681 (1984). (App. 630). In effect, the PCR court found that there was no attorney error, and that it was

a reasonable strategy not to raise the issue so that the murder case could be tried first. (App. 630).

### 3. Double Jeopardy

Greene asserts that his right to be free from double jeopardy was violated because the judge who presided over the rape trial also presided over his murder mistrials. This issue was not raised on direct appeal or PCR and is procedurally barred. Coleman v. Thompson, 501 U.S. 722 (1991).

The Fifth Amendment provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." This prohibition has been held to protect three interests: (1) second prosecution for same offense after acquittal; (2) second prosecution for same offense after conviction; and (3) multiple punishments for the same offense. North Carolina v. Pearce, 395 U.S. 711 (1969). The Fifth Amendment does not prohibit a judge from presiding over a defendant's multiple trials.

### 4. Ineffective Assistance of PCR Appellate Counsel

Greene asserts that his PCR appellate counsel was ineffective for failing to raise all possible grounds in the Johnson petition. This issue was never raised in state court and is procedurally barred. Coleman v. Thompson, *supra*. Further, this claim is barred by 28 U.S.C. § 2244(i).

### Conclusion

Based on a review of the record, it is recommended that Respondent's motion for summary judgment be **granted**, and the petition **dismissed** without an evidentiary hearing.

                                            Joseph R. McCrorey
                                            United States Magistrate Judge

October 28, 2009
Columbia, South Carolina

**The parties are referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).