IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Latorey J. Greene, #292916, ) | |
| ) | |
| Petitioner, ) | C.A. No. 3:09-258-HMH-JRM |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| Warden, McCormick Correctional ) | |
| Institution, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Joseph R. McCrorey, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Latorey J. Greene ("Greene") seeks habeas corpus relief pursuant to 28 U.S.C. § 2254. In his Report and Recommendation, Magistrate Judge McCrorey recommends granting Respondent's motion for summary judgment and dismissing Greene's § 2254 petition.

Greene filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of <u>specific</u> objections to the Report and Recommendation of the magistrate

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that the majority of Greene's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. However, the court was able to glean one specific objection. Greene objects to the magistrate judge's recommendation that the court find that his ineffective assistance of counsel claims are without merit or procedurally barred. (Objections, generally.)

In his § 2254 petition, Greene raises ineffective assistance of trial and post-conviction relief ("PCR") counsel claims. Greene alleges that his trial counsel was ineffective for failing to object to the State's delay in seeking an indictment after his arrest for rape. (Greene § 2254 Pet. 6.) First, as the magistrate judge explains, Greene's § 2254 petition is untimely. Greene was convicted for rape on May 1, 2003. His conviction was affirmed by the South Carolina Court of Appeals on November 17, 2004. Greene did not seek review from the South Carolina Supreme Court. Greene filed a PCR application on November 16, 2005. After an evidentiary hearing held on October 4, 2006, the PCR court issued a written order of dismissal on November 8, 2006. Subsequently, Greene filed a petition for writ of certiorari in the South Carolina Supreme Court. His petition was denied on February 21, 2008.

"[T]he entire period of state post-conviction proceedings, from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review), is tolled from the limitations period for federal habeas corpus petitioners." Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999).

2

Accordingly, the one-year statutory period was tolled from November 15, 2005 to February 21, 2008. Greene filed the instant § 2254 petition on January 2, 2009.

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Therefore Greene's petition is time barred.

Additionally, Greene's objection is without merit. Greene argues that trial counsel should have objected based on the delayed indictment because Greene was arrested for rape in July 1998, but not indicted until January 2003. (Objections, generally) During the PCR evidentiary hearing, trial counsel "testified that there was no reason to raise this issue since they were not trying to move [Greene's rape] case ahead of [his] murder case. Trial counsel further testified that they wanted this case to go second since there were already two mistrials for the murder case." (Defs. Mem. Supp. Summ. J. Ex. (App. 630-31).) The PCR court concluded that trial counsel's testimony was credible and noted that counsel was not required to raise the indictment delay issue

3

because it was a "frivolous issue." (Id.) The PCR court's conclusion that Greene's counsel was not ineffective is not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." §§ 2254(d)(1)-(2). Accordingly, Greene's objection is without merit.

Greene also argues that his PCR counsel was ineffective for failing to raise all possible grounds in the Johnson petition. This issue, however, was never raised in state court and is therefore procedurally barred. (Objections 4.) "It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted." Breard v. Greene, 523 U.S. 371, 375 (1998) (internal citation omitted). Thus, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Procedural default may be excused only if Greene "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). Greene has not provided the court with any evidence to establish cause for default or prejudice for defaulting. Therefore, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts the magistrate judge's Report and Recommendation.

It is therefore

**ORDERED** that the Respondent's motion for summary judgment, docket number 16, is granted; it is further

**ORDERED** that Greene's § 2254 petition, docket number 1, is dismissed; and it is further

**ORDERED** that a certificate of appealability is denied because Greene has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(b)(2).

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
January 4, 2010

### NOTICE OF RIGHT TO APPEAL

The Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.